IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. PITTS, # 215396, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14cv598-WKW |
| | ) | (WO) |
| CARTER F. DAVENPORT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate David L. Pitts ("Pitts") on March 4, 2014. Doc. 1.  Pitts presents claims challenging his 2010 convictions in the Lee County Circuit Court on charges of murder and attempted murder.  The respondents contend that Pitts's petition is time-barred by the one-year federal limitation period for § 2254 petitions.  After reviewing the pleadings and other submissions by the parties, the court concludes that no evidentiary hearing is required and that Pitts's petition should be denied as untimely.

### II.   DISCUSSION

#### A.   AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On April 2, 2010, a Lee County jury found Pitts guilty of the murder of Asia Scott, in violation of Alabama Code § 13A-6-2, and the attempted murder of Cierra Cobb, in violation of Alabama Code §§ 13A-4-2 and 13A-6-2(a)(1).  The trial court sentenced Pitts to consecutive life sentences as a habitual felony offender.  Pitts appealed, and on July 8, 2011 his convictions were affirmed in a memorandum opinion issued by the Alabama Court of Criminal Appeals. Doc. 10-1.  Pitts did not file an application for rehearing in the appellate court or petition for certiorari review in the Alabama Supreme Court.  The Alabama Court of Criminal Appeals issued a certificate of judgment on July 27, 2011. Doc. 10-2.

On April 3, 2012, Pitts filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure challenging his convictions and sentence. *See* Doc. 10-1 at 2.  The trial court denied the Rule 32 petition, and Pitts appealed and Pitts also appealed this ruling.

2

Doc. 10-1 at 2.  On May 31, 2013, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying the Rule 32 petition. Doc. 10-1 at 2.  Pitts applied for rehearing, and his application was overruled by on June 21, 2013.[1] Doc. 10-4.  The Alabama Court of Criminal Appeals issued a certificate of judgment on July 27, 2013. Doc. 10-5.

**B.**     **Analysis of Timeliness under the AEDPA**

Under 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Pitts, on direct appeal, did not seek certiorari review in the Alabama Supreme Court, his conviction became final—and the one-year limitation period in § 2244(d)(1)(A) began to run— when the Alabama Court of Criminal Appeals issued the certificate of judgment on direct review on July 27, 2011.[2] *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2).  Pitts filed a state Rule 32 petition on April 3, 2012.  That filing, by operation of § 2244(d)(2), tolled the federal limitation period, which by that time had run for 251 days (from July 27, 2011, to April 3, 2012), leaving 114 days on the one-year federal clock.

---

[1] Although Pitts filed a petition for a writ of certiorari with the Alabama Supreme Court on July 22, 2013, that petition was dismissed as untimely filed. Doc. 10-6.

[2] The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Pitts such that AEDPA's limitation period commenced on some date other than October 29, 2009.  There is no evidence that any unconstitutional or illegal State action impeded Pitts from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B).  Pitts likewise presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).  Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

3

*See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001).  The limitation period remained tolled until July 27, 2013, when the Alabama Court of Criminal Appeals issued the certificate of judgment finalizing the state court proceedings regarding Pitts's Rule 32 petition.

Two-hundred and twenty days later, on March 4, 2014, Pitts filed the instant § 2254 petition.[3]  By that time, the federal limitation period had run for a total of 471 days (251 days followed by 220 days).  The limitation period, however, had already expired on November 18, 2013, which was 114 days after July 27, 2013.  Pitts's § 2254 petition therefore was filed 106 days after the expiration of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(A).

### 1.  *Equitable Tolling*

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Pitts brings forth no evidence demonstrating he is entitled to equitable tolling, and this court finds no indication in the record of any basis for equitable tolling of the limitation period in this case.

### 2.  *Actual Innocence*

Demonstrated actual innocence may trump a time-bar in a habeas proceeding and act as a

---

[3] Pitts avers in his petition that he signed it on March 4, 2014.  *See* Doc. No. 1 at 25.  However, his petition was not received and filed in this court until June 16, 2014.  Under the "mailbox rule," a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively, the date it is signed.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).  Although there is no explanation in the record for the substantial difference in the signing and filing dates of Pitts's petition, the court will consider March 4, 2014, as the date on which Pitts filed the petition.

gateway through which a petitioner can pass to have the claims in his § 2254 petition reviewed. *See Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Wyzykowski v. Dept. of Corrs.*, 226 F.3d 1213, 1218 (11th Cir. 2000).  In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that habeas petitioners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.  "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).  "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare . . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Pitts alleges his actual innocence of the crimes of which he was convicted as a gateway to review of the claims in his untimely § 2254 petition. *See* Doc. 14 at 4–15.  However, he points to no *new* reliable evidence, as required by *Schlup*, to support a claim of actual innocence.  Instead, he merely reargues the legal sufficiency of the evidence, which he says showed he acted in self-

defense.  Such arguments, predicated on Pitts's interpretation of the import of evidence presented at trial, will not sustain a claim of actual innocence. *See Bousley*, 523 U.S. at 623–24; *Johnson v. Ala.,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle*, 672 F.3d at 1018 (holding that evidence is not "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. 2012) (holding that allegations relating to the sufficiency of or weight afforded evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

In as much as he has not presented new evidence, Pitts has failed to convince this court that it is more likely than not that no reasonable juror would have found him guilty in light of alleged "new evidence." *Schlup*, 513 U.S. at 327.  As Justice O'Connor emphasized in *Schlup*, courts must "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted).  Pitts's is not such a case.  Therefore, he is not entitled to the actual-innocence exception to the habeas statute's time bar as articulated in *Schlup*.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before **June 27, 2016**.  Any objections filed must specifically identify the

factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 13th day of June, 2016.

_____/s/ Gray M. Borden_____
UNITED STATES MAGISTRATE JUDGE